IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE GLAVAS,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:18-CV-2076-DMC<br><br>MEMORANDUM OPINION AND ORDER |

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the written consent of all parties (ECF Nos. 6 and 8), this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are the parties' briefs on the merits (ECF Nos. 13 and 16).

        The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support

a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

For the reasons discussed below, the Commissioner's final decision is affirmed.

## I.  THE DISABILITY EVALUATION PROCESS

To achieve uniformity of decisions, the Commissioner employs a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f). The sequential evaluation proceeds as follows:

| | | |
|---|---|---|
| Step 1 | | Determination whether the claimant is engaged in substantial gainful activity; if so, the claimant is presumed not disabled and the claim is denied; |
| Step 2 | | If the claimant is not engaged in substantial gainful activity, determination whether the claimant has a severe impairment; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 3 | | If the claimant has one or more severe impairments, determination whether any such severe impairment meets or medically equals an impairment listed in the regulations; if the claimant has such an impairment, the claimant is presumed disabled and the claim is granted; |

///

| | | |
|---|---|---|
| Step 4 | | If the claimant's impairment is not listed in the regulations, determination whether the impairment prevents the claimant from performing past work in light of the claimant's residual functional capacity; if not, the claimant is presumed not disabled and the claim is denied; |
| Step 5 | | If the impairment prevents the claimant from performing past work, determination whether, in light of the claimant's residual functional capacity, the claimant can engage in other types of substantial gainful work that exist in the national economy; if so, the claimant is not disabled and the claim is denied. |

See 20 C.F.R. §§ 404.1520 (a)-(f) and 416.920(a)-(f).

To qualify for benefits, the claimant must establish the inability to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted, or can be expected to last, a continuous period of not less than 12 months. See 42 U.S.C. § 1382c(a)(3)(A). The claimant must provide evidence of a physical or mental impairment of such severity the claimant is unable to engage in previous work and cannot, considering the claimant's age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. See Quang Van Han v. Bower, 882 F.2d 1453, 1456 (9th Cir. 1989). The claimant has the initial burden of proving the existence of a disability. See Terry v. Sullivan, 903 F.2d 1273, 1275 (9th Cir. 1990).

The claimant establishes a prima facie case by showing that a physical or mental impairment prevents the claimant from engaging in previous work. See Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984); 20 C.F.R. §§ 404.1520(f) and 416.920(f). If the claimant establishes a prima facie case, the burden then shifts to the Commissioner to show the claimant can perform other work existing in the national economy. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); Hammock v. Bowen, 867 F.2d 1209, 1212-1213 (9th Cir. 1989).

/ / /

/ / /

/ / /

/ / /

## II. THE COMMISSIONER'S FINDINGS

Plaintiff applied for social security benefits on April 6, 2015. See CAR 19.[1] In the application, plaintiff claims disability began on November 29, 2012. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 9, 2017, before Administrative Law Judge (ALJ) David Blume. In an August 22, 2017, decision, the ALJ concluded plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): cervical, thoracic, and lumbar spine degenerative disc disease; thoracic and lumbar scoliosis; sciatica; right foot neuritis; and bilateral foot hallux valgus with status post right foot bunionectomy;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform sedentary work; she can occasionally climb ramps/stairs, crouch, stoop, balance, kneel, and crawl;; she cannot climb ladders/ropes/scaffolds; she should avoid hazards, including heights and moving machinery;

4. Considering the claimant's age, education, work experience, residual functional capacity, the claimant can perform her past relevant work as she actually performed it and as it is generally performed.

See CAR 21-27.

After the Appeals Council declined review on May 25, 2018, this appeal followed.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] Citations are the to the Certified Administrative Record (CAR) lodged on November 13, 2018 (ECF No. 12).

## III. DISCUSSION

In her opening brief, plaintiff argues: "The ALJ's Step 4 finding is contrary to law because he failed to account for his own findings identifying medically determinable [mental] impairments in the RFC finding." Plaintiff states:

> . . .[T]he ALJ erred by failing to account for limitations that the ALJ himself found to exist when conducting his analysis at step 3 (the PRT); having the option to choose from four possible degrees of limitation regarding the four areas rated at step 3, ranging from "none" to "extreme," [footnote omitted] the ALJ did not find that Plaintiff had no degree of limitation, but rather that she had a mild limitation. . . This conflict between the ALJ's step 3 finding and the impact of omitting mental limitations from the RFC is apparent on its face, and the ALJ erred when he ignored it.

Plaintiff's argument is somewhat puzzling given that Step 3 involves application of the Listings of Impairments and plaintiff makes no reference to the Listings. Moreover, the ALJ's finding regarding mild mental limitations was made at Step 2 of the sequential evaluation. The court must conclude plaintiff is referencing the ALJ's severity analysis at Step 2.

To qualify for benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c).[2] In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923. An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See Social Security Ruling (SSR) 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). The plaintiff has the burden of establishing the severity of the

---

[2] Basic work activities include: (1) walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. See 20 C.F.R. §§ 404.1521, 416.921.

impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

At Step 2, the ALJ evaluated the severity of plaintiff's mental impairments. See CAR 22-23. The ALJ concluded plaintiff does not have a severe mental impairment. See id. In reaching this conclusion, the ALJ relied on the opinions of Drs. Tate, Friedland, and Barrons. See id. As summarized by the ALJ:

> Mentally, consultative examiner Dr. Lenore Tate in June 2015 opined that the claimant had mild limitations in performing complex tasks, interacting with others, completing a normal workday or workweek, and dealing with stress (Exhibit 10F/5). Dr. Myles Friedland and Dr. Heather Barrons determined that the claimant's mental impairments were not severe (Exhibit 1A/8; 3A/8).
>
> Id.

As part of his evaluation at Step 2, the ALJ considered the four "paragraph B" areas of mental functioning outlined in the regulations. See id. The ALJ stated:

> The four functional areas in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself are mildly limited. Progress did not document that the claimant had memory/concentration problems; her doctor appointments did not document any abnormal or inappropriate behavior. The claimant was able to attend medical appointments independently and was able to remember her medical appointments without any difficulty (Exhibits 4F-17F).
>
> The claimant indicated on her Function Report that she shops and drives (Exhibit 4E). Her friend Ms. Elizabeth Fitzgerald indicated that the claimant could prepare simple meals, do light household chores, shop, pay bills, and handle finances (Exhibit 7E).
>
> Consultative examiner Dr. Lenore Tate examined and noted that the claimant was neatly groomed and volunteered information with no psychomotor agitation; her thoughts were coherent and organized. There was not bizarre or psychotic thought content. The claimant's speech was normal and clearly articulated; her memory, concentration, and insight/judgment were intact (Exhibit 10F/3-4).
>
> Because the claimant's medically determinable mental impairments cause no more than "mild" limitations in any of the functional areas, they are not severe. . . .
>
> Id.

Finally, the ALJ specifically noted:

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorder listings in 12.00 of the Listing of Impairments. . . .

See CAR 23.

At Step 4, the ALJ did not identify any work-related mental limitations in assessing plaintiff's residual functional capacity. See id.

Plaintiff's argument, which attempts to bootstrap a finding at Step 2 that plaintiff's mental impairments are mild to a conclusion at Step 4 that her mental impairments are disabling, lacks any basis in law or fact.[3] The court observes plaintiff does not contend the ALJ erred at Step 2 in concluding her mental impairments are not severe. Nor does plaintiff present any arguments related to the ALJ's mental residual functional capacity analysis at Step 4, such as assertions challenging evaluation of the medical opinion evidence or plaintiff's subjective statements and testimony. There is simply no authority to even suggest a finding at Step 2 of mild mental limitations requires a finding at Step 4 that plaintiff has work-related mental limitations. Indeed, a finding of non-severe mental limitations necessarily means plaintiff's mental impairments result in no more than a minimal impact on plaintiff's ability to work. See SSR 85-28; see also Yuckert, 841 F.2d at 306.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[3] Plaintiff's counsel is cautioned that presentation of such an argument to the court runs afoul of Federal Rule of Civil Procedure 11.

# IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is denied;
2. Defendant's motion for summary judgment (ECF No. 16) is granted;
3. The Commissioner's final decision is affirmed; and
4. The Clerk of the Court is directed to enter judgment and close this file.

Dated:  June 5, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE